Libby, McNeil & Libby v. Scherman.

## Libby, McNeil & Libby v. Scherman.

1. MASTER AND SERVANT—*Ordinary Risks Incident to the Work.*—An employe, as a rule, assumes the ordinary risks incident to the work in which he is engaged, and so, too, he assumes the hazard and dangers which he knows, or by the use of ordinary diligence might have known.

2. FELLOW-SERVANTS—*When Employes Are, and When They Are Not.* —In a room in which were piled barrels containing pork, it was discovered that one barrel, on which were piled three tiers of barrels, each weighing from 350 to 450 pounds, was leaking. The foreman of the establishment knocked in the head of the barrel, and instructed the employe to get another barrel and put the contents into it, and the empty barrel was left in the tier. Next day the barrels fell in consequence of, so it was claimed, the empty barrel. *It was held,* that if the foreman, in personally knocking in the head of the barrel and removing the contents, was doing the work of, and acting as a fellow-servant of, the person injured by the falling barrels, in determining and directing that the head should be knocked in and the contents removed, he was acting as a principal. This having been determined upon, it was immaterial who did the work, as the negligence consisted not in doing the work in a negligent manner, but in its being done at all.

3. MASTER AND SERVANT—*Right to Recover.*—A servant can not recover from his master merely for the consequences of defective work done by his fellow-employes.

4. PLEADING—*Defective Declarations—After Verdict.*—Where a defective declaration is pleaded to, it is to be considered not what it would

have been on a demurrer, but as it would be considered after verdict. A verdict will aid a defective statement of the cause of action, but will not help a statement of a defective cause of action.

5. PLEADING—*What Defects Are Cured by Verdict.*—A presumption is entertained, after the verdict, in favor of what appears to be a good cause of action, while no presumption arises in favor of what does not appear to be a good cause of action; so too, where there is any defect, imperfection, or omission in any pleading, in substance or form, which would have been fatal on demurrer, yet if the issue joined is such as is necessarily required on the trial, proof of the facts imperfectly stated or omitted, and without which it is not to be presumed that the judge would have directed the jury to give, or the jury would have given a verdict, such imperfection or omission is cured by the verdict.

6. PLEADINGS—*Variance Between the Declarations and the Proofs.*— Where a declaration in effect charged that a row of barrels was defectively piled, that the defendant negligently removed from one of the barrels, its contents, and thereby rendered it unable to support the weight of the barrels piled upon it, whereby the barrels gave way and fell upon the plaintiff, and the evidence showed that the foreman in charge of the men piling the barrels found that a barrel which had been piled in the row was leaking, knocked in the head, and directed an employe to remove its contents, which was done, leaving the barrel empty with the head knocked out, and insufficient to support the weight above it, by reason of which the barrels fell, *it was held*, that the evidence was in substantial accord with the allegations of the declaration, and the charge that the barrels were defectively piled might be rejected as surplusage.

7. REMITTITUR—*Practice of Entering.*—The practice of refusing to enter judgment upon verdicts, unless a portion thereof is remitted, is so common, and so promotive, not only of justice, but of an end of litigation, that it is almost essential to the proper conduct of jury trial that the court should possess such power.

**Memorandum.**—Action in case for personal injuries, commenced December 5, 1889.    Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.    Heard in this court at the October term, 1892, and affirmed.    Opinion filed February 1, 1893.

## STATEMENT OF THE CASE.

This is an appeal from a judgment rendered in favor of the appellee and against the appellant, for $5,000, for personal injuries alleged to have been sustained by the appellee, through the negligence of the appellant, while the appellee was an employe and servant of the appellant.

On the 14th day of September, 1889, appellee, while engaged with three other employes of appellant in piling

barrels filled with beef, in the warehouse of appellant, had his leg broken by the pile of barrels which he and his co-employes had been piling, falling down upon him.

It is alleged in the declaration that the appellant corporation "negligently kept and maintained said rows of barrels defectively piled in rows, one upon another, and while so defectively piled, drove in the head of one of said barrels and took therefrom the contents thereof, to wit, certain brine and pork, so that the said barrel was then and there greatly weakened and rendered unable to support the weight of the barrels piled above the same, and by reason of the carelessness and negligence of the defendant in the manner aforesaid, and while plaintiff was in the exercise of all due care. for his own safety, the said barrels spread, tilted, gave way and fell upon and against the plaintiff," etc.

The evidence shows that during the afternoon previous to the accident, one Morgenweck, a foreman in charge of the men piling the barrels, came in the room and finding a barrel that had been piled in the row the men were working on, leaking, took a hatchet, knocked in the head of the barrel, and directed an employe to get another barrel and put the contents into it, which was done; that this barrel which the foreman knocked in, was in the second row from the bottom of the tier which the men were then piling, and which they had then just about completed, so that at the time the foreman knocked in the head of the barrel and took out the contents there were three rows of barrels above it.

Plaintiff claimed that the act of the foreman in knocking out the head of the barrel and taking out its contents, thus leaving the barrel empty, was the proximate cause of the barrels falling and injuring the plaintiff, and that the foreman who did the same, was not a co-servant with the plaintiff, but stood in the relation of a vice-principal, and therefore that the defendant, appellant here, is guilty of negligence. Appellant claimed in the court below, and claims here, that the knocking in of the head of the barrel and taking out of its contents had nothing whatever to do with the accident.

It was further contended by appellant that plaintiff knew as much about the danger as any of the defendant's officers, and assumed whatever risk there was in continuing the piling of the barrels near the empty barrel as one of the risks of his employment; and that the foreman was, while performing that act, the co-servant of the plaintiff; and further, that between the declaration and the uncontradicted evidence there is a fatal variance.

APPELLANT'S BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

It was contradicted that neither the plaintiff nor any other witness in the case testified that there was any conversation between the foreman and themselves or between themselves showing that any one of them regarded the act as dangerous, nor is there any testimony of any witness showing that any one even called attention to the fact that knocking out the head of the barrel rendered it dangerous to continue working in the vicinity. (The fact is, that no one regarded it as dangerous, nor was it dangerous.) If, however, the act of the foreman rendered it dangerous to continue piling barrels in the vicinity of the empty barrel, plaintiff had as good an opportunity to know and did know as much about the danger as the foreman. Therefore, if the act of the foreman rendered it dangerous, plaintiff, by continuing to work in such dangerous situation, knowing the hazards to which he subjected himself as well as the foreman did, assumed the risks, and that such evidence conclusively rebuts his allegation of using due care and proves himself guilty of contributory negligence. Gerity's Admx. v. Haley (W. Va.), 11 S. E. Rep. 901; Abend v. T., H. & I. R. R. Co., 111 Ill. 208; Camp Mfg. Co. v. Ballou, Admx., 71 Ill. 417; St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 256; Simmons v. C. & T. Ry. Co., 110 Ill. 340; C. & T. Ry. Co. v. Simmons, 11 Brad. 147.

Under the laws of this State a plaintiff claiming damages for negligence must take one of two positions: he must show either that he is himself free from, and the defendant is guilty of, negligence, or, if the plaintiff is guilty of negligence, that it is slight, and that of the defendant is gross

or wanton, or the injury willfully inflicted. Chicago & N. W. R. Co. v. Coss, 73 Ill. 394.

In relation to the remittitur by the court it was urged that in such case the plaintiff does not voluntarily remit—he does so under compulsion. The court in ordering a remittitur assumed the functions of a jury, and on the evidence which the jury heard assessed the plaintiff's damages at what it considered warranted by the evidence. This action of the court was error. Thomas v. Fischer, 71 Ill. 576; C. & N. W. Ry. Co. v. Cummings, 20 Brad. 333; Loewenthal v. Streng, 90 Ill. 74; Union Rolling Mill Co. v. Gillen, 100 Ill. 52.

Appellee's Brief, Gibbons, Kavanagh & O'Donnell, Attorneys.

Appellee contended that it is the primary duty of a servant to obey the orders of his master within the scope of his employment, and when the work ordered to be done is not obviously dangerous, of such a nature that the servant can see that it can not be performed with safety or about which there can be a difference of opinion in the minds of reasonable and prudent persons, then the servant is not bound, at the peril of being discharged, to set up his judgment against that of his master. Harrison v. The Railway, 27 Pac. Rep. 728. A servant is generally excusable for obeying orders in and about his master's business unless the danger is so plain and manifest that no prudent person would obey even under the penalty of being discharged. Colorado Midland R. Co. v. O'Brien (Col.), 27 Pac. 703; Gill v. Homreghausen, 48 N. W. Rep. (Wis.) 862; Jackson v. The Railway, 77 Ga. 82; Chicago & A. R. Co. v. May, 108 Ill. 288 and cases cited; Chicago, etc., Co. v. McMahon, 30 Ill. App. 358; Chicago Anderson Press Brick Co. v. Sobkowiak, 38 Ill. App. 531; Shearman and Redfield on Neg., Sec. 186.

Mere knowledge that an appliance is defective will not constitute contributory negligence or assumption of risk. Chicago, etc., Co. v. Sobkowiak, 38 Ill. App. 531; Soeder v. The Railway, 100 Mo. 673; Snow v. The Railway, 8 Allen (Mass.), 441; Patterson v. The Railway, 76 Pa. St. 389;

Pengo v. The Railway, 55 Ia. 326; Hawley v. The Railway, 82 N. Y. 370.

OPINION OF THE COURT, WATERMAN, J.

Upon the trial appellee testified that after the brine and pork had been taken out of the barrel, the head of which was knocked in, the foreman said to him, "Now, everything is all right, go ahead to work." Other witnesses in a measure corroborate this, although their version of what the foreman said is not the same as that of appellee. There was thus evidence warranting the jury in finding that appellant's foreman, with certainly all the knowledge that appellee had of the danger, told him to go to work.

In obedience to this direction he continued to work, and was there injured the next day.

The accident to appellee arose, as far as appears, not from one of the ordinary hazards of his employment, but from an extraordinary and unusual thing done by appellant's foreman and his direction to appellee to continue his work.

An employe, as a rule, assumes the ordinary risks incident to the work in which he engages, and so too, he assumes the hazard of dangers which he knows, or by the use of ordinary diligence might have known. Wood on Master and Servant, Secs. 326 and 335.

There is no evidence tending to show that the knocking in the head and removing the contents of a barrel above which are piled three tiers of packages, each weighing from 350 to 400 pounds, is an ordinary incident in the work for which appellee was employed; on the contrary, the circumstances tend to show that this was something extraordinary and unusual.

Nor is there anything tending to show that the hazard existing when the contents of the barrel had been so removed, was patent, or could easily have been known by a person of the limited experience of appellee. Counsel for appellant, in speaking of this condition, say: "The fact is that no one regarded it as dangerous, nor was it dangerous." Nevertheless, appellant's foreman seems to have had some appre-

hension of danger, as he said to the witness Drews, " Look out for that empty barrel."

It may be the case that the foreman, in personally knocking in the head of the barrel and removing the contents thereof, was doing the work of, and acting as, a fellow-servant of appellee, but in determining and directing that the head should be so knocked in and the contents removed, which was the vital matter, he acted as a principal; this having been determined upon, it was immaterial who did the work; the negligence of appellant consisted, not in the doing of this work in a negligent manner, but in its being done at all.

It was shown by testimony offered by appellant, that the chimb of the empty barrel was broken, where the head was knocked out, and it is abundantly apparent that the tier gave way and fell from the middle where that barrel was.

There was thus abundant evidence from which the jury might find that appellant neglected its duty in respect to this inexperienced employe, who had been working for it only some four weeks.

While not conceding this, appellant contends that the evidence does not sustain the declaration, that is, does not establish the existence of any of the negligence charged.

We agree with counsel, in their contention that a mere charge or showing that the employes of appellant, of whom appellee was one, " defectively " piled certain barrels, and that in consequence of such defective piling the barrels fell and injured appellee, would be insufficient. A servant can not recover from his master merely for the consequences of defective work, done by his fellow employes. The declaration in this case is to be considered not as it would have been on demurrer, but as such instruments are after verdict.

A verdict will aid a defective statement of title, but will not help a statement of a defective title or cause of action. 1 Chitty's Pleadings, 16th Am. Ed., p. 713; Walpole v. Marlow, 2 N. H. 386; Worcester v. Proprietors of Canal Bridge, 16 Pick. 549.

The reason for the distinction is obvious; a presumption

is entertained after verdict, in favor of what appears to be a good cause of action, while no presumption arises in favor of what does not appear to be any cause of action. So too, where there is any defect, imperfection or omission in any pleading, in substance or form, which would have been fatal upon demurrer, yet, if the issue joined be such as necessarily required on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that the judge would have directed the jury to give, or the jury would have given verdict, such defect, imperfection or omission is cured by the verdict. 1 Chitty's Pleadings, 16 Am. Ed. 705; Smith v. The Eastern R. R., 35 N. H. 363–364; Read v. Chelmsford, 16 Pick. 128; Keegan v. Kinnare, 123 Ill. 280; C. & E. I. R. R. v. Hines, 132 Ill. 161.

The declaration in this case in effect charges that appellant negligently removed from a barrel its contents, and thereby rendered it unable to support the weight of the barrels piled above it, whereby the barrels spread, tilted, gave way and fell upon the plaintiff.

This is in substantial accord with the evidence. The allegations that the barrels were " defectively piled " may be rejected as surplusage, although if such charge be considered as referring to the condition of the pile after the contents of one barrel had been removed, the jury might well have found such pile to have been " defective." While the motion for a new trial does include as one of its grounds that there was a variance between the evidence and the declaration, yet it does not appear that the particular variance now insisted upon was pointed out to the court; had this been done, it might have been obviated by amendment. L. S. & M. S. Ry. Co. v. Ward, 135 Ill. 511.

There was no error in refusing to admit the so-called expert testimony. Doubtless, barrels might be piled as these were, the contents of one removed, or a barrel itself taken out, without disturbing the remainder of the pile or causing it to give way; doubtless the majority of the people who cross a railroad track in front of an advancing

railroad train, in plain view, are not injured, and the majority of people who ride about in wagons with cracked hubs and missing wheel spokes, arrive at home in safety; the question is not, was it most probable that the pile would give way when the contents of this barrel had been removed, but was appellant negligent as respects appellee, in what it did concerning such removal, and requiring appellee to keep there at work.

The witnesses called by appellant might have testified that in their opinion the removal of the contents of this barrel did not affect the stability of the whole. Yet the fact would have remained, that the pile shortly thereafter gave way at the point where this barrel was. If appellant had offered to show that piles of barrels such as this, the contents of no part having been removed, frequently give way as did this, and that the danger of injury from such giving way and falling in, is one of the ordinary risks of the service in which appellee was engaged, the evidence might have been admissible.

Taking the instructions as a whole, in which way they must be regarded, we think that appellant has no just cause for complaint in this regard.

As to the action of the court in requiring a remittitur of $3,500 to be made, under penalty of granting a new trial, we do not think that appellant can complain of such action.

The practice of refusing to enter judgment upon verdicts unless a portion thereof is remitted, is so common and such action so promotive not only of justice, but of an end of litigation, that it is almost essential to the proper conduct of jury trial that the court should possess such power.

The judgment of the Circuit Court is affirmed.