## Henry Cribben et al. v. Frank Callaghan.

1. MASTER AND SERVANT—*Duty to Furnish a Reasonably Safe Place for the Servant to Work, etc.*—It is the duty of the master to use ordinary care and prudence in furnishing to the servant a reasonably safe place in which to work, and to use all reasonable precautions to keep such place in a reasonably safe condition.

2. SAME—*Special Use of Appliances.*—Where the master makes a special use of a machine or an appliance so that his attention is directed to its condition at frequent intervals, his liability is greater than if he made no such special use of it.

3. QUESTIONS OF FACT—*Servant—Violation of the Master's Rules.*— The question as to whether a servant was at the time of receiving an injury knowingly acting in violation of a rule of the master, is one of fact for the determination of the jury.

4. DAMAGES—*When Not Excessive.*—While damages are large for the injuries received, if they are so as to shock the sense of right or lead the judicial mind to think that they are the result of passion or prejudice, they will not be regarded as excessive.

5. PLEADING—*Duty Arises from Conditions.*—In preparing a declaration for injuries received by a servant resulting from a neglect of duty by the master, it is sufficient to set forth the facts from which the duty arises.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

### STATEMENT OF THE CASE.

This is an action on the case, brought by Frank Callaghan against Cribben & Sexton, stove manufacturers, to

recover damages resulting from an injury caused by the falling of the roof of a ladle oven, attached to and forming a part of the factory of appellants. On the 22d day of July, 1891, appellee entered the ladle oven, and while therein the roof of the oven fell in, partially, and a quantity of heated sand which was on the roof, was thrown upon appellee, burning him about the head and face, on the arm and ankle.

The jury awarded the plaintiff $1,250 damages. A motion for a new trial was overruled, and judgment was entered on the verdict; whereupon a motion in arrest of judgment was entered by appellants, which was also overruled.

CUTTING, CASTLE & WILLIAMS, attorneys for appellants.

ARND, EVANS & ARND, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee was a molder working for appellants, who operate an iron foundry. It was the duty of appellants to have used ordinary care and prudence in furnishing to appellee a reasonably safe place in which to work, and to have used all reasonable precautions to maintain and keep such place in a reasonably safe condition. Libby, McNeil & Libby v. Sherman, 50 Ill. App. 123; same, 146 Ill. 540.

The distinction between this and an obligation to furnish a reasonably safe place in which to work is obvious.

As such molder it was a part of the duty of appellee to make use of ladles and to get the same from the place in the way provided by appellant.

There is a sharp conflict in the evidence as to whether appellee in going into an oven, as he did, to get a ladle, ladles having been placed therein to dry, was, as he knew, violating a rule of the shop.

He testified that he had never heard of a rule forbidding molders going into the oven; that the place wherefrom it was customary to take ladles was the interior of the oven; in this he is corroborated by three witnesses. The

preponderance of the evidence seems to be that there was a well known rule that molders should not enter the oven, and that there was a man whose duty it was to hand out the ladles, and that each day he did so; it also, as seems to us, appears that appellants had made strenuous exertions to prevent the molders going into the oven for ladles, but that the men would do so because thereby they saved a little time and obtained a choice among the ladles.

The jury have found otherwise, and upon the conflicting testimony we do not feel authorized to set aside their verdict, sanctioned as it is by the trial judge.

The oven, then, under the finding of the jury, was a place provided by appellants for appellee to enter; consequently its interior a place which appellants were bound to have used ordinary care and prudence to make and keep reasonably safe for appellee to enter. Wood on Master and Servant, Sec. 329.

Appellants were, at the time of the accident, in the habit of placing sand upon the top of the oven, that it might there become dry. Their attention was thus at frequent intervals called to the condition of the top of the oven and they ought by the use of reasonable diligence to have learned of the unsafe condition of the top; that is, its unsafe condition for one who had occasion to go into the oven, from the danger that the top might break down from the weight placed thereon. If appellants had made no special use of the top of the oven the case would be different, but by such special use their attention was directed to the condition of the top; nor are we able to say that the breaking down was not caused by the weight of the sand placed thereon.

The damages, while large for the injuries received, are not so large as to shock our sense of right or to lead us to think that they were the result of passion or prejudice. Doubtless they are much more than the jury would have awarded against one of the servants by whose negligence the injury was caused. We can not, however, reverse, for this reason: theoretically juries visit upon rich and poor, employers and employes the same justice; practically, we know, that juries

find verdicts for large amounts against corporations and men supposed to be rich, when they would have done nothing of the kind, had the defendant been believed to be a person of but small means.

The declaration alleges that it was the duty of the defendants to keep the oven in a safe condition. Such is not the law. If it were, it would be unnecessary to allege it. Duty arises from conditions. It is sufficient to set forth the facts from which the duty arises. West Chicago Street Ry. Co. v. Coit, 50 Ill. App. 40.

Omitting from the declaration the charge of the duty on the part of the defendant, and there remains enough to, after verdict, sustain the action. Tidd's Practice, 919 and notes thereto; Libby, McNeill & Libby v. Sherman, 50 Ill. App. 123–129.

If the plaintiff was not, in going into the oven, exercising ordinary care, then he can not recover. Whatever we may think the proper conclusion from the evidence, the finding of the jury can not be reconciled with a want of ordinary care on the part of the plaintiff. The judgment of the Circuit Court is affirmed.