## Anna M. Ellis, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 19,381.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Opinion filed July 2, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Anna M. Ellis against Chicago Railways Company to recover for personal injuries received by the plaintiff when she was attempting to alight from one of defendant's cars. To reverse a judgment in favor of plaintiff for four thousand dollars, defendant appeals.

JOSEPH D. RYAN and ALFRED B. DAVIS, JR., for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

QUIN O'BRIEN and O. A. ARNSTON, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. ˏCARRIERS, § 476*—*when evidence shows a prima facie case that person riding on transfer is a passenger.* In an action for personal injuries sustained by plaintiff when alighting from a street car, evidence *held* sufficient to make a prima facie case for plaintiff that she was a passenger at the time of the accident, where plaintiff testified she paid her fare on one of defendant's cars and received a transfer for another car, that when she boarded the latter car the conductor on such car accepted it without question and permitted her to take a seat and to ride as a passenger to her destination, and that when she reached her destination the car was

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

stopped by the conductor on a signal given by her, to enable her to alight.

2. CARRIERS, § 306*—*when evidence insufficient to show person was riding as a trespasser on an illegal transfer.* In an action for personal injuries sustained by plaintiff when alighting from a street car, evidence *held* insufficient to show that plaintiff was a trespasser on the car for the reason that she was riding on a transfer which was claimed to have been invalid.

3. EVIDENCE, § 410*—*when physician may give opinion as permanency of physical condition of plaintiff.* In an action for personal injuries, a physician or surgeon may state his opinion whether the present physical conditions of plaintiff are apt to be permanent and, if any improvement seems probable, what are the chances for a complete recovery.

4. APPEAL AND ERROR, § 450*—*when party cannot complain of refusal to strike out answer of witness.* Where a physician in answer to a question testified as to the permanency of plaintiff's physical condition and later in answer to a similar question gave a similar answer which defendant moved the court to have stricken out, *held* that the defendant could not complain of the court's refusal to strike out such latter answer where no objection was made to the original question and no motion was made to strike out the answer thereto.

5. DAMAGES, § 110*—*when amount allowed for personal injuries not excessive.* A verdict for four thousand dollars for personal injuries received by a passenger alighting from a street car *held* not excessive under the evidence on the question of damages.