### Joseph Fisher, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,803.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

### Statement of the Case.

Action on the case by Joseph Fisher against the Chicago City Railway Company for personal injuries received from falling from a street car. From a judgment for nine hundred dollars against the defendant in favor of the plaintiff, defendant appeals.

A. C. WILD, BENJAMIN F. RICHOLSON and ALFRED B. DAVIS, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

FOREST GARFIELD SMITH, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fisher v. Chicago City Railway Co., 189 Ill. App. 492.

1. CARRIERS, § 476*—*sufficiency of evidence*. Where it appeared that the jury by their verdict of guilty were evidently of the opinion that the plaintiff, having the care of his child of five and one-half years and burdened with a suit case, was not likely to step or fall off of a car running at the rate of fifteen to twenty-five miles per hour, midway between intersections, after notifying the conductor at one corner that he wished to stop at the next corner, the verdict was not against the weight of the evidence upon the contention of the plaintiff that he was thrown from the car by its suddenly starting up.

2. DAMAGES, § 115*—*when not excessive*. In an action for personal injuries due to a fall from a street car, a verdict for nine hundred dollars is *held* not to be excessive, since the amount of the damages is peculiarly within the province of the jury.

3. CARRIERS, § 278*—*when an instruction as to degree of care not misleading*. An instruction that while a street railway company is not an insurer of absolute safe carriage to its passengers, yet it is held to exercise the highest degree of care, skill and diligence practically consistent with the operation of its road, *held* not to be erroneous because the word "practically" appears to govern the word "consistent" rather than the word "operation," where an instruction covering the same subject-matter in which the law was correctly stated was given at the request of the defendant, so that the jury were not misled.

4. INSTRUCTIONS, § 120*—*when requested instruction properly refused*. Where an instruction assumed that what occurred was unusual and there was nothing in the facts which made the principle of law for the instruction applicable, it was properly refused by the trial court.

5. WITNESSES, § 239*—*when expert testimony admissible on redirect examination*. Where defendant objected to questions asked on redirect examination of the attending physician by the attorney for the plaintiff, it was *held* not to be erroneous, since the testimony of the physician showed that counsel subjected the witness to a lengthy cross-examination wherein he clearly distinguished between objective and subjective symptoms, and the distinction as applicable to the condition of the defendant was clearly developed, and since moreover there was nothing in the questions which permitted the jury to speculate as to the character of the injuries and the condition of the plaintiff, because they had clearly before them what they were through the testimony of the plaintiff and the physician.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.