SECOND DISTRICT—OCTOBER, 1917. 525

Swengel v. Chicago, Ottawa & Peoria Ry. Co., 208 Ill. App. 525.

judgment and that it was not valid, it was appellant's duty to point out the error, the record of the judgment being without defect on its face.

2. FORCIBLE ENTRY AND DETAINER, § 46*—*what is effect of deed to redeeming creditor on right to bring.* Where plaintiff in an action of forcible entry and detainer became owner of the premises by purchase and deed from a sheriff as a redemption creditor under his judgment obtained on the last day of the 15 months from the foreclosure sale from which he redeemed, a conveyance by the debtor on the same day to plaintiff did not prejudice plaintiff's rights in such action under his deed from the sheriff.

3. APPEAL AND ERROR, § 1488*—*when admission of incompetent evidence in trial by court is harmless error.* Where trial was before the court without a jury, and competent and uncontradicted evidence supported the finding and judgment, it was not material error if other evidence not technically competent was heard.

---

**Alfred M. Swengel, Administrator, Plaintiff in Error, v. Chicago, Ottawa & Peoria Railway Company, Defendant in Error.**

**Gen. No. 6,460.   (Not to be reported in full.)**

Error to the Circuit Court of La Salle county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 16, 1917.

## Statement of the Case.

Action by Alfred M. Swengel, administrator of the estate of Anton Voitnar, deceased, *alias* Anton Bevrage, plaintiff, against Chicago, Ottawa & Peoria Railway Company, a corporation, defendant, to recover damages for death of decedent. From a judgment for plaintiff for $100, plaintiff brings error.

ROBERT CARR and BUTTERS & CLARK, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Duncan & O'Conor, for defendant in error.

Mr. Presiding Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Death, § 50b*—*when evidence sustains findings in action by parent.* In an action to recover for the wrongful death of plaintiff's son, a passenger on defendant's train, evidence *held* sufficient to warrant a finding for plaintiff on the controverted allegations of defendant's negligence, death of plaintiff's decedent, and survivorship of his father as heir.

2. New trial, § 59*—*when awarded because of inadequacy of damages in action for death.* A motion by plaintiff for a new trial after verdict in his favor for $100, in an action for damages for death of plaintiff's decedent, was erroneously denied, where the main question presented was the wrongful death of a boy 17 years old leaving a nonresident father surviving with such expectation of pecuniary benefit from his son's continued life as might reasonably be entertained by a nonresident parent under similar circumstances, plaintiff being entitled on the finding of negligence causing the death of the son and survivorship of the father to a substantial verdict.

3. Death, § 73*—*when instruction on right to consider testimony of witness before coroner's jury is erroneous.* An instruction that the testimony of a witness before a coroner's jury might be considered, in an action to recover damages for the death of the decedent for other purposes than that of impeaching the testimony of the same witness in such action, was erroneous, where it was not claimed that the evidence was admissible for other purposes.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.