Tull v. Clarke, 209 Ill. App. 448.

## W. A. Tull, Appellee, v. F. L. Clarke, Appellant.

### Gen. No. 23,198.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FRANK
H. GRAHAM, Judge, presiding.   Heard in the Branch Appellate
Court at the March term, 1917.   Affirmed.   Opinion filed January
31, 1918.

### Statement of the Case.

Action by W. A. Tull, plaintiff, against F. L. Clarke,
defendant, to recover for personal injuries.   From a
judgment for plaintiff for $1,000, defendant appeals.

GEORGE W. LUDDEN and FRANK P. McGINN, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the
court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim
in action of fourth class for personal injuries is sufficient.* Under
section 40 of the Municipal Court Act (J. & A. ¶ 3352), a cause
of action is sufficiently set forth by a statement of claim in a
fourth-class action, which recites that plaintiff sustained injuries,
on or about a certain date, in an alley in the City of Chicago, by
reason of defendant's negligence in using a skid which was de-
fective and of insufficient strength to support a certain cask of
great weight, and which broke while the said cask was being low-
ered thereon, injuring plaintiff while walking in said alley and
while exercising due care and caution for his own safety.

2. APPEAL AND ERROR, § 365*—*necessity of raising question in
trial court.* A question not raised in the trial court cannot be
raised on appeal.

3. DAMAGES, § 122*—*when verdict for personal injuries not
excessive.* A verdict for $1,000 for personal injuries cannot be said

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

to be excessive where the evidence tends to show that plaintiff sustained a severe strain of the leg, resulting in chronic arthritis, that his leg was badly swollen for 2 or 3 months after the injury; that he was obliged to use a crutch for some 6 months thereafter; that he limped and had pains in his knee, and up to the time of the trial continued to have chronic arthritis of the knee joint.

4. DAMAGES, § 192*—*discretion of jury in assessment of.* In an action to recover for personal injuries, the assessment of the damages rests in the sound discretion of the jury, under the guidance of proper instructions.