**Peru State Bank, Appellant, v. Edna A. Waggett, Appellee.**

**Gen. No. 7,169.**

1. NEGOTIABLE INSTRUMENTS—*note given in consideration of settlement of criminal charge not void in hands of bona fide holder.* A promissory note given in consideration of settlement of a criminal charge against the maker's husband is not void in the hands of a holder in due course, the illegality of consideration not arising out of a gaming contract.

2. NEGOTIABLE INSTRUMENTS—*defense of fraud not raised by plea that note signed for illegal consideration.* In an action by the assignee of a promissory note, a plea that the maker of the note signed it in consideration of the settlement of a criminal charge

against her husband and that plaintiff took it with knowledge thereof, does not raise the defense of fraud and circumvention vitiating the note in the hands of a holder in due course where it is not claimed that the maker thought she was signing any different kind of instrument than the one actually signed.

3. NEGOTIABLE INSTRUMENTS—*proof of bona fides of holder requisite on proof that note negotiated by one having defective title.* The holder of a promissory note has the burden of proving that he became the holder before maturity in good faith, for value, without notice of any defect in the title of the person who negotiated it, where the evidence shows that the note was given for an illegal consideration, and, in the absence of proof of *bona fides*, no recovery can be had on the note.

Appeal by plaintiff from the County Court of La Salle county; the Hon. HARRY RECK, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed September 7, 1923.

McDOUGALL & CHAPMAN, for appellant.

W. A. PANNECK, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

A judgment by confession under a warrant of attorney was entered in the county court of La Salle county in favor of the Peru State Bank and against Edna A. Waggett for $950 and costs. On motion of the appellee the said judgment was opened up and leave was granted her to plead. Afterwards a jury was waived and a trial was had before the court which resulted in a judgment in bar in favor of the appellee. This appeal is taken from that judgment.

Appellee filed several pleas to the declaration. A demurrer was sustained to all of said pleas except to one which is known as the "Amended Plea." This plea averred that the note upon which the suit was brought was not given in settlement of any debt against the defendant but was executed and delivered by her to one Fred Toellen in settlement of a criminal charge

against her husband, Frank Waggett; that Toellen had caused the arrest of Frank Waggett upon a charge of embezzling the sum of $15; that after such arrest had been made, Toellen and his attorney stated to the defendant that unless the criminal charge was immediately settled they would cause the said Frank Waggett to be sent to the penitentiary; that the defendant believed said statements were true and because thereof she executed and delivered the said note for $900 and paid Toellen $100 in cash in settlement of said charge; that the plaintiff knew at the time the said note was assigned to it that the note had been executed in settlement of a criminal charge as aforesaid and that it was without a good and valid consideration.

To this plea two replications were filed. The first replication averred that the note was not given in settlement of a criminal charge but was given for money bona fide due the said Toellen. The second replication averred that the note was assigned by the said Toellen to the plaintiff before maturity for value and further that the said bank had no notice or knowledge at the time of the said assignment that the note was given in settlement of any criminal charge.

The evidence is conflicting on the question as to whether or not the consideration of the note was an agreement not to prosecute appellee's husband and send him to the penitentiary. Appellant in its printed argument states that "as a matter of law it is admitted that where the consideration for a promissory note is the settlement of a criminal charge that the consideration vitiates the instrument into whomsoever hands it may come;" and that, "The primary question therefore is, whether the consideration of the note was the settlement of a criminal charge."

Counsel for appellee does not disagree with his opposing counsel as to the law but apparently concedes it to be as stated. We cannot so accept it. It is un-

doubtedly the law that where the consideration of a note is illegal, the instrument is void in an action between the parties, but this rule does not extend to bona fide purchasers and holders in due course except in cases where the statute expressly vitiates the instrument. We apprehend that counsel for appellant has failed to distinguish the difference between the rule of law applicable to notes given in settlement of gaming contracts and the rule which is applicable to notes founded on other illegal considerations. Section "131" of the Criminal Code [Cahill's Ill. St. ch. 38, ¶ 309] declares all notes given in whole or in part for money lost by gaming shall be void and of no effect; and section "136" of the Criminal Code [Cahill's Ill. St., ch. 38, ¶ 314] provides that no assignment of any such note shall deprive the maker of the note from setting up the illegality of the note as a defense. There is no provision of the statute which permits the maker of a note to plead illegality of consideration against a holder in due course, when such illegality arises from an agreement not to prosecute a criminal charge. In *Pope v. Hanke,* 155 Ill. 617, the Supreme Court of this State said: "Some of the expressions in the textbooks are to the effect that, where a statute expressly declares the contract or transaction which forms the consideration of the note or bill to be void, the note or bill is illegal and void even in the hands of a bona fide holder for value; but the weight of authority sustains the position that, while such note or bill is void as between the parties to it, it is not void as against a holder for value without notice, unless the statute also declares the note or bill itself to be void." The following text is found in 8 C. J. p. 767: "Except where it is otherwise provided by statute, the fact that a bill or note is illegal, either because of defects in its execution or because of the illegality of its consideration, which is either *malum in se or malum prohibitum,* is not a defense against a bona fide holder in due course."

Counsel for appellant assume that the plea herein sets up a defense of fraud and circumvention. We do not agree with them in this matter. If it were such a plea then the defense might be interposed against a bona fide purchaser provided the fraud relied upon was in the execution of the note and consisted of some deception whereby the maker of the note was induced to sign it under the belief that it was an instrument of a different character. (*Connolly v. Dammann,* 232 Ill. 175.) There is no contention here that the defendant thought she was signing any different kind of instrument than the one she actually signed. The defense is that the note was given for an illegal consideration and that the plaintiff, at the time the note was assigned to it, had knowledge of the defect of payee's title thereto.

The trial court found that the note was based upon an illegal consideration. Therefore it was the duty of the appellant to prove that it was a bona fide holder in due course. The rule that a holder of a negotiable instrument is deemed prima facie to be a holder in due course has no application when it is shown that the title of any person who has negotiated the instrument is defective. When a defect in the title of the payee is shown, the burden is then on the holder to prove that he became the holder before maturity in good faith, for value, and that he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. (Cahill's Rev. St. 1921, ch. 98, ¶ 79; *Justice v. Stonecipher,* 267 Ill. 448.) The appellant made no effort to assume the burden of proving it was a holder in due course and there is no proof in the record, so far as we are able to ascertain, that it was such a holder. While appellant in its printed statement of the case says that it purchased the note before maturity in good faith, it fails to point out where the testimony in support of this statement can be found, either in the abstract or the record. No further reference is made to this subject by appellant.

It has staked all on the proposition that a preponderance of the evidence showed that the note was not given for an illegal consideration.

We believe the trial court correctly found that the note was based upon an illegal consideration and that the plaintiff failed to establish by competent proof that it was a holder in due course. In view of our conclusion, it follows that there is no reversible error in the holdings of the trial court on propositions of law or in the rulings on questions of evidence. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*