# Thomas E. Owens, Appellant, v. E. B. Guerney, Appellee.

## Gen. No. 7,657.

1. DAMAGES—*when evidence does not warrant setting aside judgment because of inadequacy of verdict of $1,300 for arm fracture.* Where the evidence in an action for damages for personal injuries, the most serious of which was a fracture of the humerus with a displacement midway between the shoulder and the elbow, tended to show a pecuniary loss to the plaintiff of between $1,057.75 and $1,307.75, a verdict for $1,300 was not so manifestly inadequate as to warrant the reviewing court in setting the judgment aside upon that ground, especially in view of the fact that the evidence did not make out a clear case of liability, and the fact that the plaintiff, after the injury, was able to earn $6.41 per day.

2. WITNESSES—*requisite procedure to impeach witness on ground of making statements out of court contrary to testimony on stand.* If a witness, on cross-examination, admits that he did make statements out of court which are contrary to statements made by him upon the witness stand, it is not necessary for the opposite party to offer evidence, either oral or documentary, as to such statements, but if the witness denies having made statements contrary to his testimony on the witness stand it is incumbent upon the opposite party to prove by evidence, either oral or documentary, that the witness did make the statement. The foundation must, however, be laid for this evidence, which is in the nature of impeaching evidence.

3. WITNESSES—*proper cross-examination to lay foundation for impeachment of witnesses because of making of statements out of court contrary to testimony on stand.* In an action for personal injuries wherein witnesses for the plaintiff testified to certain facts relative to the circumstances under which the injuries were sustained it was not error for the court to overrule objections to questions asked such witnesses, on cross-examination, relative to written statements made by such witnesses touching these same matters, for the purpose of showing that they had made statements therein contrary to their testimony upon the stand, such questions being proper to lay the foundation for the impeachment of the witnesses.

4. APPEAL AND ERROR—*when appellant precluded from predicating error upon permitting cross-examination respecting making written statements out of court.* Error cannot be predicated upon

the action of the trial court, in an action for personal injuries, in permitting witnesses for the plaintiff to be questioned, on cross-examination, concerning the making of written statements out of court contrary to their testimony on the stand, although such statements were not then in evidence and were not in fact introduced by the defendant, where such cross-examination was for the purpose of laying a foundation for impeachment of the witnesses, particularly in view of the fact that the plaintiff himself introduced the statements in question as evidence.

5. EVIDENCE—*propriety of testimony by medical witnesses, based upon examination of injured plaintiff and radiographs of injury, as to permanent nature of injury.* It was error, in an action for damages for personal injuries, to refuse to permit physicians, who had examined plaintiff some time before the trial, and who had examined radiographs of the injured arm and had testified as to the character of the injury, to state whether the injury was permanent.

6. APPEAL AND ERROR—*failure to show how witness would have answered question as precluding reversal for erroneous ruling refusing to permit witness to answer proper question.* Where appellant, upon the refusal of the trial court to permit its witness to answer certain questions, failed to make an offer to show what the answer of such witness would be, if made, the fact that the ruling of the court was erroneous and that the witness should have been permitted to answer is not a ground for a reversal of the judgment.

Appeal by plaintiff from the Circuit Court of Peoria county; the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed June 28, 1926. Rehearing denied August 2, 1926.

SHURTLEFF & NIEHAUS, for appellant.

SHELTON F. MCGRATH and CLARENCE W. HEYL, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Thomas E. Owens, obtained a judgment for $1,300 in the circuit court of Peoria county against appellee, E. B. Guerney, on account of personal injuries, and an appeal has been prosecuted to this court.

The accident was near the intersection of Adams Street and Krause Avenue, in the city of Peoria. Adams Street extends substantially north and south and has a double street car track. About 6.30 p. m. on November 14, 1924, after dark, appellant, who worked at night for the American Milling Company, was on his way to work in a Ford car, with three of his fellow workmen. He stopped his automobile facing south at the southwest intersection of the two streets in front of the Hyland Hotel. He got out, took a coil out of the coil box, and started on a run in a northeasterly direction across Adams Street to a battery station on the east side of the street. He testified he stopped to let one or two automobiles pass, one of which almost struck him. Appellee was driving a Buick sedan south, straddling the second rail from the west side of the street. He testified he was driving about 15 miles per hour, but other witnesses placed his speed at from 25 to 30 miles per hour. There was another automobile 15 or 18 feet in front of appellee's car. Appellant testified he saw the headlight on the front car, but the second car, driven by appellee, was further out in the middle of the street and he could only see the left headlight on it. Appellant testified he looked north and south, and there is evidence tending to show that appellant did not look north, but stopped directly in front of the automobile of appellee when it was only a few feet away. Appellant was knocked down and seriously injured. He contends that appellee's car skidded at least 10 feet after the brakes were applied, but other evidence shows that it was stopped within 6 or 7 feet.

The most serious injury to appellant was to his left arm and back. The humerus was broken, with a displacement midway between the shoulder and elbow. For about five weeks the arm was kept in various positions, part of the time in an aeroplane splint which held it straight out from the shoulder. The

fragments did not heal and could not be put in apposition. An operation was performed and it was discovered that the bone was broken in several fragments and there was muscle between the parts of the bone which prevented the reduction of the fracture. An incision 6 or 7 inches long was made in the arm and a beef bone plate was screwed to the bone and a cast applied. The fragments then united, but there is an overlapping of the bones, and a rotation of the lower fragment on the upper fragment. The bones are not in alignment, and there is a bony deposit in the elbow joint.

It is urged that the damages are inadequate. Appellant testified his arm is half as strong as before the accident; that it is painful because of a tearing sensation at the point of the fracture; that he cannot straighten it out or bend it as far as he could before the accident; that his back is stiff in the morning so he cannot lean over and fasten his shoes; that his back became stiff and sore at the end of his day's work; that he suffered extreme pain for many months; that he returned to work the first time on April 14, after the accident; that he was out of work much of the time thereafter and received less wages after the injury on account of the reduction in hours and the rate per day; that at the time of the accident he weighed 176 pounds, but on June 1, 1925, after he attempted to work he weighed only 140 pounds, and at the time of the trial he weighed 154 pounds. He testified his pecuniary loss was as follows: Surgeon's services $250 to $500; doctor's bills for first aid, $3; radiographs, $50; hospital bill, $104.75; loss of wages from November 14 to April 14, $650, making a total of $1,307.75.

The amount of damages to be allowed is peculiarly a question for the jury, and the court will not disturb a verdict unless it is clearly excessive or inadequate, indicating passion or prejudice on the part of the

jury. *Cribben v. Callaghan,* 57 Ill. App. 544; *McFarland v. Jackson,* 189 Ill. App. 453; *Fisher v. Chicago City Ry. Co.,* 189 Ill. App. 492; *Tull v. Clarke,* 209 Ill. App. 448. An appellate court will set aside a verdict for insufficient damages when the evidence shows that the verdict is not in accordance with the evidence. *Paul v. Leyenberger,* 17 Ill. App. 167; *Swengel v. Chicago, O. & P. Ry. Co.,* 208 Ill. App. 525; *Eads v. Moran,* 211 Ill. App. 645.

In the case last cited the evidence showed that the actual damages were $1,604.70, the verdict was for $1,100, and the judgment was reversed because it was inadequate. In the case at bar if the doctor's bill was $500, then the actual damages proven were $1,307.75. If the doctor's bill was $250, then the actual damages were $1,057.75. In either event the amount of the verdict was equal to or in excess of the actual damages. It is contended by appellant that the evidence shows a clear liability against appellee. We do not agree with this contention. There is evidence tending to show that appellant narrowly escaped being struck by another automobile just prior to the time of the accident; that he was crossing the street without looking to the north to see if any automobiles were coming, and that he was otherwise not in the exercise of due care. On the other hand, there is evidence tending to show that appellee was traveling at a moderate rate of speed; that he had his car under control; that he stopped within a very few feet after he struck the appellant, and that appellant stepped in front of appellee's car when it was only a few feet away. Appellant has a job at the present time which pays $6.41 per day. The evidence does not show how much he earned before the accident. We have no doubt the jury, in determining the amount of their verdict, took all of these facts into consideration. After all of these facts are considered we do not feel justified in saying that the amount of the judgment is so inadequate as to neces-

sitate a reversal of the judgment on that ground alone.

Appellant and two of his witnesses in chief testified to certain facts incident to the injury, including the rate of speed of appellee's car, the distance within which it was stopped, the position of appellant immediately after the collision, and whether appellant looked north before starting across the tracks. Each of these witnesses, prior to the trial, had signed a written statement. On cross-examination each was asked relative to his written statement for the purpose of showing that he had made statements out of court contrary to his testimony on the witness stand. Appellant objected to this mode of cross-examination. The objections were overruled and these rulings are assigned as error on the grounds that the papers which the three witnesses had signed were not in evidence at the time the questions were asked; that they were not admissible to prove the facts therein stated for the reason that they violated the hearsay evidence rule; that they were admissible to impeach the credibility of the witnesses, and could only be introduced after the appellant rested his case and when the appellee was introducing his evidence.

Appellee's counsel did not offer the documents in evidence, and when the objection was made to this method of cross-examination, the court asked appellee whether he intended to offer the papers in evidence, and counsel replied that he did not know; that if he could get an admission of the statements he would not offer them; that later the written statements were offered in evidence by appellant.

One of the methods of impeaching a witness is by proving that he has made statements out of court which are contrary to his statements on the witness stand. If the witness, on cross-examination, admits that he did make statements out of court which are contrary to the statements made upon the witness stand, it is not necessary for the other party to offer evidence,

either oral or documentary, as to such statements, but if the witness denies that he made the statements which were contrary to his testimony on the witness stand, it is incumbent upon the opposite party to prove by evidence, either oral or documentary, that the witness did make the statement. The foundation, however, must be laid for this evidence which is in the nature of impeaching evidence. *Ray v. Bell,* 24 Ill. 444; *Atchison, T. & S. F. R. Co. v. Feehan,* 149 Ill. 202; *Swift & Co. v. Madden,* 165 Ill. 41; *Illinois Cent. R. Co. v. Wade,* 206 Ill. 523.

The foundation was properly laid for the impeachment of these three witnesses. Appellant saw fit, in his case in chief, to offer these written statements in evidence. Therefore, there could be no complaint as to the action of the court which was in accordance with the rules of law above announced.

Exhibits 17 and 18 were radiographs showing the condition of the arm just prior to the time of trial. They showed that the bone was very crooked. Two doctors who had examined appellant sometime before the trial, and who had examined the pictures which were offered in evidence, testified to the character of his injury, and each of them was asked whether or not the injury was permanent. An objection was sustained to these questions and this ruling is assigned as error. The court should have permitted the questions to have been answered. *Hirsch v. Chicago Consolidated Traction Co.,* 146 Ill. App. 501; *Kimbrough v. Chicago City Ry. Co.,* 272 Ill. 71; *Told v. Madison Building Co.,* 216 Ill. App. 29; *Ellis v. Chicago Rys. Co.,* 187 Ill. App. 461. However, appellant has not preserved his record so as to justify us in reversing the judgment on account of this error. No offer was made by appellant to show what the answer would be, or whether the witnesses had an opinion as to the nature of the injury being permanent or otherwise. In order to predicate error on the refusal to allow a witness to testify, the person

making such complaint must show by the record what the testimony of the witness would be if he had been allowed to testify, and preserve his objections to the. ruling after making such offer of proof. *Gaffield v. Scott,* 33 Ill. App. 317; *Johnson v. Peoria Ry. Co.,* 179 Ill. App. 304; *Court of Honor v. Dinger,* 123 Ill. App. 406; *Chicago City R. Co. v. Carroll,* 206 Ill. 318; *Anthony Ittner Brick Co. v. Ashby,* 198 Ill. 562. It is insisted by appellant that this rule of law has been changed by the Supreme Court in *Hartnett v. Boston Store of Chicago,* 265 Ill. 331. We do not agree with this contention. The court was in error in refusing to permit the witnesses to answer the questions, but this ruling did not constitute such reversible error as would justify a reversal of the judgment.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*