Joseph Skomoroske, Appellee, v. A. G. Marcotte, Appellant.

Gen. No. 8,044.

Opinion filed October 8, 1929.

CHAS. D. HENRY, JR., for appellant; BUTZ & TAYLOR, of counsel.

AMOS H. ROBILLARD and C. M. GRANGER, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

A judgment by confession was entered on a note for $1,500 signed by defendant, A. G. Marcotte, payable to the order of Bernard C. Curby and by him indorsed to plaintiff. On motion of defendant, the judgment was opened and leave granted to plead. A plea of the general issue and four special pleas were thereupon filed.

The first special plea avers that the consideration for the note was a share in a proposed invention to be represented by an assignment of an interest in the patent therefor; that it was the understanding between the parties that the note should not be sold or enforceable until a working model of the invention had been built, successfully operated, and said assignment made; that the consideration wholly failed because the working model was never built or operated and said assignment was never made, all of which was known to plaintiff. The second special plea contains the same averments and charges a want of consideration.

The third special plea avers that Curby falsely and fraudulently represented to defendant that the invention was of great value, a complete success, could be commercially sold, and that he had a purchaser willing to pay $30,000 for the patent rights, all of which Curby knew to be false; that defendant believed and relied on such representations, and by reason thereof signed and delivered the note, the consideration for which, the terms of delivery, failure to build and operate a working model and assign an interest to defendant are averred in substantially the same terms as in the first two special pleas. It is then charged that plaintiff

knew all of said facts at the time the note was assigned to him.

The fourth special plea avers that defendant and others, including plaintiff, bought shares in Curby's invention under an agreement that a working model was to be built, the invention perfected, shares assigned to them, and the invention sold; that each of them was to share proportionately in the proceeds of the sale; that before the note in question was indorsed, plaintiff obtained a share in the said venture; that the money and notes advanced by the purchasers of the shares were to develop and sell the invention; that defendant's indebtedness, if any, "relates to this partnership venture"; that defendant furnished $50 as his proportionate share to build a working model; that the accounts of the members of said venture are unsettled; and that no cause of action exists at law. Defendant's affidavit of merits covers substantially the same ground as the special pleas.

Plaintiff filed a replication to the special pleas averring that he had no knowledge of any understanding between Curby and defendant or of the original consideration for the note, but purchased it before maturity for a valuable consideration without any notice or knowledge of any infirmity, and that he purchased an interest in the invention paying in full therefor before he purchased the note. At the close of all the evidence, the court directed a verdict in favor of plaintiff. This appeal is prosecuted from a judgment on the verdict.

The ground urged for reversal of the judgment is that the court erroneously limited the defendant in his efforts to show that Curby's title to the note was defective. Section 59 of the Negotiable Instruments Act, ¶ 79, ch. 98, Cahill's Rev. St., provides that every holder is deemed prima facie to be a holder in due course, but when it is shown that the title of any per-

son who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. Section 55 of the act, Cahill's St. ch. 98, ¶ 75, provides that the title of a person who negotiates an instrument is defective within the meaning of the act when he obtained the instrument, or any signature thereto by fraud, duress, force, fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud. Under the provisions of these two sections, defendant had a right to prove, if he could, that the title of Curby was defective under section 55, Cahill's St. ch. 98, ¶ 75, and if such a showing was made then the burden would be on plaintiff to show a holding in due course as required by section 59. (*Justice v. Stonecipher,* 267 Ill. 448; *Peru State Bank v. Waggett,* 230 Ill. App. 522.)

The note sued on is dated September 23, 1926, due one year after its date, and indorsed to plaintiff on November 5, 1926. The testimony shows that Curby assigned it to plaintiff in part payment for plaintiff's interest in a blacksmith shop; that the purchase price was paid by the assignment of the note and $300 in cash; that plaintiff did not know defendant, but had heard of him; that when the note was indorsed, Curby told plaintiff he had promised defendant not to cash it until it was due. Curby testified that he told plaintiff he had agreed not to cash the note through the bank before it was due so as not to interfere with defendant's bank account. No attempt was made to cash it or collect it until after it was due. Plaintiff testified that he acquired the note before maturity for value and without notice of any of the matters relied upon as a defense.

Objection is made that the court unduly limited the cross-examination of plaintiff. Usually the cross-ex-

amination of a party may go beyond the scope of the direct examination (*Felsenthal Co. v. Northern Assur. Co., Ltd.*, 284 Ill. 343), but in the case at bar, the record shows that the facts sought by the questions to which objections were sustained were afterwards brought out in plaintiff's testimony; consequently, the defendant was not prejudiced by the court's rulings.

Upon examination in chief, the defendant was asked, "How did you come to sign your name to that note?" An objection was sustained to the question. Defendant was later recalled and his counsel stated, "I want to make an offer of proof of a failure of consideration and a lack of consideration, of fraud at this time, and promise to connect up the evidence on the part of Skomoroske." The court ruled that unless there was something tending to indicate Skomoroske was not an innocent purchaser for value without notice at the time of the note's transfer, it was not competent. The examination of the witness proceeded but there was no offer to prove any specific fact relating to the general offer. In order to predicate error on the refusal to allow a witness to testify, the person making such complaint must show by the record what the testimony of the witness would be if he were allowed to testify; and he must preserve his objections to the ruling after making such offer of proof. (*Owens v. Guerney,* 241 Ill. App. 477.) If defendant desired to show facts constituting defective title in Curby, he should have brought himself within the rule. Failing to do so, he cannot complain that he was not allowed to make proof of such defective title. Until such a showing was made, plaintiff was entitled to the presumption under section 59, Cahill's St. ch. 98, ¶ 79, that he was a holder in due course, and unless such presumption was overcome, he was entitled to a directed verdict.

Defendant also contends that fair and reasonable inferences may be drawn from the facts in evidence tending to prove bad faith on the part of the plaintiff

and that the court therefore erred in directing a verdict. We take a different view of the proof. The record shows that the defendant got a fair price for his interest in the blacksmith shop, that before plaintiff took the note, he inquired of a mutual friend if he thought it was all right, and accepted it upon the information he received. The fact that he was informed the note was given for an interest in a patent and that the payee had agreed not to cash it before maturity does not tend to show bad faith on his part. There is no testimony in the record even tending to show he had any knowledge that Curby had agreed not to cash the note until a working model of the invention had been perfected and a share in a patent assigned to defendant. Neither is there any testimony to show plaintiff had any knowledge that the note was procured by fraud. He traded for a half interest in another share of the invention after this note was indorsed to him. The record does not show any fact or circumstance from which an inference of bad faith can reasonably be drawn against plaintiff, but to the contrary, the evidence shows that plaintiff was a holder in due course; therefore the court did not err in directing a verdict.

It was not shown that a partnership existed among the parties interested in the invention. The most that can be said of the arrangement is that it was a joint enterprise. Special agreements for a particular venture and joint undertaking do not make a partnership. (*Page v. Hallam & Co.*, 212 Ill. App. 462.) But even if there were a partnership, an action lies to enforce an agreement to advance a certain sum as capital irrespective of whether or not the partnership actions have been settled. (*Mayhew v. Craig*, 253 Ill. App. 238.)

We are of the opinion that the trial court did not err in directing a verdict in favor of plaintiff and the judgment is affirmed.

*Judgment affirmed.*