MARY HARTNETT, Appellant, vs. THE BOSTON STORE OF CHICAGO, Appellee.

*Opinion filed October 16, 1914—Rehearing denied Dec. 4, 1914.*

1. NEGLIGENCE—*the essential elements of actionable negligence.* The essential elements of actionable negligence are, first, a duty imposed by law to exercise care in favor of the person for whose benefit the duty is imposed; second, the failure to perform that duty; and third, a consequent injury so connected with the failure to perform the duty that the failure is the proximate cause of the injury.

2. SAME—*what necessary to constitute proximate cause.* To make a breach of duty the proximate cause of an injury the injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might occur as a probable result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which might result from his act.

3. SAME—*when negligence is not the proximate cause of an injury.* If the negligence complained of does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury.

4. SAME—*when violation of ordinance against selling guns to minors does not create liability.* The mere violation of an ordinance prohibiting the sale of guns to minors does not render the seller liable for an injury caused by the purchaser, a boy fifteen years old, who, while shooting with the gun at a target on the fence in his back yard, shot a person walking in the alley, where there is no averment in the declaration that the purchaser of the gun was inexperienced in the use of fire-arms or unfit in anywise to handle or use them.

5. APPEALS AND ERRORS—*when party need not state what he expects to prove.* Where a question is in proper form and clearly admits of an answer relative to the issue and favorable to the party calling the witness, the party is not bound to state the facts proposed to be proved by the answer when an objection is sustained to the question unless the court requires him to do so.

6. SAME—*when right to urge a ruling on evidence as error is waived.* The right to urge as error a ruling on evidence is waived where the written motion for new trial makes no mention of any ruling on the admission or exclusion of evidence.

APPEAL, from the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

R. WILSON MORE, and FRED B. HOVEY, (GEORGE H. MASON, of counsel,) for appellant.

MOSES, ROSENTHAL & KENNEDY, (HAMILTON MOSES, and WALTER BACHRACH, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal granted on a certificate of importance by the Appellate Court for the First District from a judgment of that court affirming a judgment of the superior court of Cook county in an action on the case brought by Mary Hartnett, appellant, against the Boston Store of Chicago, appellee, to recover damages alleged to have resulted from a violation of an ordinance of the city of Chicago which forbids the sale of fire-arms to minors. The judgment was in favor of the defendant and was entered on a verdict of the jury directed by the court.

The declaration consisted of a single count, which set out section 883 of an ordinance of the city of Chicago, as follows:

"Sec. 883. *Fire-arms—Minors.*—No person shall sell, loan or furnish to any minor any gun, pistol or other fire-arm, or any toy gun, toy pistol or other toy fire-arm in which any explosive substance can be used, within the city, under a penalty of not more than $100 for each offense: *Provided,* that minors may be permitted, with consent of their parents or guardians, to use fire-arms on the premises of a duly licensed shooting gallery, gun club or rifle club, or to secure a permit to shoot game birds in accord-

ance with the provisions of section 1486 of chapter 39 of this ordinance."

It was then charged that the defendant, by its servants, negligently and carelessly, and in disobedience of the ordinance, sold to Oscar Soderquist, a minor of the age of fifteen years, a gun in which explosive substances could be used, together with certain cartridges to be used in said gun; that Oscar Soderquist caused the gun to be loaded with cartridges, and by means of the gun discharged a leaden bullet from the gun by reason of the negligence of the defendant in selling the gun and thereby placing it within the power of Soderquist to discharge the bullet from the gun, and that the bullet struck the plaintiff while she was passing along a public alley, causing injury and damage to her.

The plaintiff offered in evidence the ordinance, together with proof that the defendant sold to Oscar Soderquist, a boy fifteen years of age, a twenty-two caliber rifle and two boxes of cartridges; that Soderquist took the gun home and hid it for two days, and then took the gun out and put up a tin target on the fence in the back yard of his home and shot at the target, and that he missed the target and the bullet went through the fence and struck the plaintiff, who was walking in the public alley back of the fence, causing the injuries for which the suit was brought. Thereupon the defendant moved the court to instruct the jury to find it not guilty, and the court gave the instruction. The plaintiff moved the court to set aside the verdict and grant a new trial, and alleged as grounds therefor error in giving the instruction and that the verdict was contrary to the law and the evidence.

There are three essential elements in actionable negligence: First, a duty imposed by law to exercise care in favor of the person for whose benefit the duty is imposed; second, the failure to perform that duty; and third, a consequent injury so connected with the failure to perform the

duty that the failure is the proximate cause of the injury. What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which might result from his act. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury. (Cooley on Torts,—3d ed.—99; *Chicago Hair and Bristle Co.* v. *Mueller,* 203 Ill. 558; *Seith* v. *Commonwealth Electric Co.* 241 id. 252.) The declaration alleged, and the evidence proved, the existence of a duty not to sell to any minor any gun in which an explosive substance could be used, within the city of Chicago, and the breach of that duty by the sale of the gun to the boy fifteen years old. It was also proved that an injury resulted to the plaintiff from the intentional act of the boy in loading the gun and shooting at a target, and the intermediate question between the injury and the sale was whether the two were so connected that the sale of the unloaded gun was the proximate cause of the injury. The ordinance creates an arbitrary rule based solely on the age of any person to whom a gun, pistol, toy gun, toy pistol or other toy fire-arm might be sold, and as age is one of the essential elements to be considered in anticipating probable consequences, it is not questioned but that it was within the power of the city to enact such an ordinance. It would be a violation of the ordinance to sell a gun to a young man within one day of twenty-one years old, although he might be most skillful, careful and experienced in the use of guns. The ordinance

does not prohibit the sale of cartridges or other explosive substances, and the mere sale and delivery to a minor of an unloaded gun could not produce such an effect as resulted in this case.   If Soderquist had not had the gun he could not have loaded or fired it, but the injury did not result from the possession of the gun alone, but it was due to his want of care in the use of it.   In considering the question whether the defendant, in selling the gun to Soderquist, might reasonably anticipate that some injury would result to some person by putting him in possession of the gun, there are other things than the mere question of age to be considered.   A minor may reasonably be expected to exercise that degree of care which a person of his age, intelligence, capacity, discretion and experience would naturally and ordinarily use.   (*Weick* v. *Lander,* 75 Ill. 93; *City of Chicago* v. *Keefe,* 114 id. 222; *Illinois Central Railroad Co.* v. *Slater,* 129 id. 91; *Illinois Iron and Metal Co.* v. *Weber,* 196 id. 526; *Star Brewery Co.* v. *Hauck,* 222 id. 348; *McGuire* v. *Guthmann Transfer Co.* 234 id. 125.)   A boy fifteen years of age raised in the country might be perfectly competent to ride and handle horses although not well broken or to handle other animals, and to put him in charge of one would not lead a person to anticipate any injury, while to put a city boy in the same situation might be grossly negligent.   Ordinances frequently prohibit the sale of fireworks to minors, but if a purchaser, although a minor, had been in the business of displaying fireworks, the sale to him, although in violation of the ordinance, would not justify a conclusion that the seller anticipated that a boy so skilled would carelessly handle them.   If a boy fifteen years of age is wholly unacquainted with fire-arms and has had no experience in their use it would be quite probable that some harm to another would follow from his use of a gun, but a boy of that age who has been accustomed to the use of fire-arms may be far more careful and skillful in their use than the ordinary

adult, so that the probabilities of consequent injury do not depend solely upon the question of age. During the civil war there were 105,000 boys not over fifteen years old, more than 1,000,000 not over eighteen years old and more than 2,000,000 not over twenty-one years old in the Union army, and it was not considered that they were unfit to be trusted with fire-arms. Every one under twenty-one years of age would have come within the terms of this ordinance. It is common knowledge that the average adult unaccustomed to the use of a gun, when hunting, is a source of great danger to others not to be apprehended from a minor acquainted with fire-arms and their use under the same circumstances. If a boy fifteen years old is experienced in the use of guns and acquainted with their construction and the proper mode of carrying, handling and discharging them, and has been careful in their use, danger to others would not be reasonably anticipated by a person selling him a gun. The declaration merely alleged the existence of the ordinance, the sale of the gun and the act of Soderquist which resulted in injury to the plaintiff, and the other essential fact from which a jury might infer that the probable result would be that he would injure someone by his carelessness was omitted in allegation and proof. If a mere violation of the ordinance created a cause of action for any injury resulting from the carelessness of the purchaser, the declaration would have been as good if it had averred that Soderquist was twenty years old. The averment that he was fifteen years old added nothing to complete the supposed cause of action. An unloaded gun is not inherently dangerous, and the plaintiff was bound to allege and prove that her injury might reasonably have been anticipated as a consequence of the sale of the gun to Soderquist, but it was not alleged that there was anything in the character or disposition of Soderquist or such want of skill and experience as rendered it dangerous for him to have a gun. The evidence, when the court

directed the verdict, did no more than to show that the defendant created a condition by which the injury to plaintiff was made possible through the carelessness of Soderquist.

On the trial Soderquist was a witness for plaintiff and was asked a number of questions evidently designed to show that he had never owned a gun and was not accustomed to the use of fire-arms or experienced in that respect, and objections to the questions were sustained. Error is assigned on the ruling, and one reply is that the plaintiff made no offer of proof as to what the witness would answer. That does not justify the ruling, because where a question shows the purpose and materiality of evidence it is not necessary to state what the answer would be. If a question is in proper form and clearly admits of an answer relative to the issue and favorable to the party on whose side the witness is called, the party is not bound to state the facts proposed to be proved by the answer unless the court requires him to do so. (38 Cyc. 1330; *Buckstaff* v. *Russell,* 151 U. S. 626.) The plaintiff, however, filed a written motion for a new trial in which no mention was made of any ruling on the admission of evidence, and the objection and exception were thereby abandoned. (*Matthews* v. *Granger,* 196 Ill. 164; *Janeway* v. *Burton,* 201 id. 78.) The court, in the written instruction directing a verdict, advised the jury that the declaration failed to make any allegation that the minor in question was inexperienced in the use of fire-arms or unfit in anywise to handle or use them, and therefore omitted an element essential to constitute a legal cause of action. It is quite evident that the ruling on the evidence was based on the want of an allegation of that kind, and when the ruling was made, or at least when the view of the court became manifest in the instruction, a motion to amend the declaration, if made, ought to have been, and undoubtedly would have been, granted; but the plaintiff elected to stand on the claim

that an allegation and proof that the ordinance was violated was sufficient, in law, to connect the sale of the gun with the injury as the proximate cause.

The court did not err in directing a verdict, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*