**D. C. Crawford, Appellant, v. Central Illinois Public Service Company, Appellee.**

HIGHWAYS AND STREETS—*pole too close to way not proximate cause of injury by bumping it in avoiding collision.* Setting a pole very near the curb line of a street is not the proximate cause of injury to an automobile which was driven over the curb and against the pole in endeavor to escape collision with another driver's car which suddenly turned into the pathway of the injured car.

Appeal by plaintiff from the City Court of West Frankfort; the Hon. L. M. BRADLEY, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

J. E. CARR and GEORGE SAWYER, for appellant.

GEORGE R. STONE, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant sought to recover for personal injuries alleged to have been occasioned by the negligence of appellee in having one of its poles so near the curb on East Main street in West Frankfort, Illinois, as to endanger the life, limb and property of persons while driving along the street in the exercise of due care. At the close of his evidence the court directed a verdict in favor of appellee and entered judgment thereon. The only question for consideration is the propriety of the ruling.

East Main street is 80 feet wide with a 27-foot pavement in the center and is crossed at right angles by Monroe street. The accident occurred a short distance east of the intersection, on December 22, 1922, at about 7:30 p. m. Appellant was driving west on Main street about two feet from the curb and was followed by a Gardner car. A bus, followed by a Ford, was approaching from the west. While the Gardner was passing appellant the Ford pulled out to pass the bus and for a moment the street was congested with the four vehicles almost abreast. The Gardner then cut over to the right and ahead of appellant who turned his car to the north to avoid a collision, and struck an electric light pole that stood between the curb and sidewalk.

Counsel for appellant say, in their statement of the case, that there would have been no accident if the pole had been set back as much as three inches from the curb. They virtually admit, therefore, that the negligence complained of was in having the pole less than that distance from the curb. Instead of proving the actual distance by measurement, appellant called six witnesses who testified with reference thereto. Ross Bidwell said it was six or seven and one-half inches from the south side of the pole to the south edge of the curb. Don Bidwell, that the pole was three or four inches from the curb. Mr. Griffith, that it was three and one-half inches from the north side

of the curb to the south side of the pole. Mr. Martin, that it was seven or eight inches from the pole to the pavement side of the curb. Mr. Moore, that the pole was about six inches from the curb. Mr. Sinks was in the car and was injured in the same accident and has a similar suit pending against the appellee. He said the curb was four and one-half inches thick and the pole was about one inch from the curb. Under the evidence, then, it was not less than five and one-half nor more than ten inches from the north line of the pavement to the pole.

The ground between the pavement and the sidewalk was level with the top of the curb and there was frozen earth on the pavement opposite the pole. The fender on appellant's car extended about three inches beyond the casing, but the bumper did not reach so far and stood about 15 inches above the pavement. The collision left two scars on the pole, one of which was 23 inches from the ground. Appellant and Mr. Sinks testified that the bumper and right fender struck the pole. That was physically impossible if the car was going west and the wheels were on the pavement. The conclusion is irresistible that when appellant turned his car to the north the front wheels went upon or over the curb, otherwise the bumper, but 15 inches above the pavement, would not scar the pole at a point 23 inches above the top of the curb.

There are three essential elements in actionable negligence: First, a duty imposed by law to exercise care in favor of the person for whose benefit the duty is imposed; second, the failure to perform that duty; and third, a consequent injury so connected with the failure to perform the duty that the failure is the proximate cause of the injury. *Hartnett v. Boston Store,* 265 Ill. 331. Whether there is any evidence fairly tending to show that the negligence charged was the proximate cause of the injury is a question of law which is raised by a motion for a directed ver-

dict. *Curran v. Chicago & W. I. R. Co.*, 289 Ill. 111. If a defendant's negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and, if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury. *Seith v. Commonwealth Electric Co.*, 241 Ill. 252; *Jenkins v. LaSalle County Carbon Coal Co.*, 264 Ill. 238; *Hartnett v. Boston Store*, 265 Ill. 331.

In *Hartnett v. Boston Store, supra,* the court said: "What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which might result from his act." Appellee's negligence, if any, did nothing more than to furnish a condition by which the injury to appellant was made possible by the subsequent independent act of the driver of the Gardner car over whom appellee had no control. Appellant's injury was not the natural and probable result of the alleged negligence of

appellee. It was not of such a character as an ordinarily prudent person ought to have foreseen might probably occur. He would not be bound to anticipate that such an unusual situation or combination of circumstances might arise.

An ordinarily prudent person would have a right to presume that travelers upon the street would have such a reasonable control of their cars that they might safely pass each other without the necessity of one of them leaving the pavement in order to avoid a collision. He would be bound to anticipate that it might become necessary for the driver of a car to go very close to the curb and if he placed a pole so close thereto that any part of a car would strike it while the car remained on the pavement, there would be evidence fairly tending to establish negligence.

Were it not for the peculiar and unusual combination of circumstances and the act of the driver of the Gardner car in cutting in ahead of appellant at such close range as to cause appellant to believe it necessary to turn to the north to avoid a collision, the accident would not have occurred. That act of the driver of the Gardner car was the immediate cause of the injury but appellee, in the exercise of reasonable diligence, was not required to anticipate that such a thing might occur. The connection between the placing of the pole and the happening of the injury was broken by that act under the authorities above cited. If appellant had gone straight ahead and collided with the Gardner car, instead of the pole, it seems to us that no one would seriously contend that appellee should be held for negligence on the theory that if the pole had not been there appellant could have avoided the collision by turning north over the curb. The court properly directed a verdict and the judgment is affirmed.

*Affirmed.*