## POE v CANTON-MANSFIELD DRY GOODS CO

Ohio Appeals, 5th Dist, Stark Co
No 1042. Decided Oct 17, 1930

Frank N. Sweitzer, Canton, for Poe.

Lynch, Day, Fimple, Pontius & Lynch, Canton, for Dry Goods Co.

LEMERT, J.

It is observed that both the plaintiff and defendant rely on Hartnett v. Boston Store, an Illinois case, 265 Ill. 331, **Mouse v. Trust Co.** an Ohio Supreme Court case, and also **Schell v. DuBois, 94 Oh St 93, Harriman v. Railway, 45 Oh St 11; 69 Oh St 384; 86 Oh St 286,** Binford v. Johnson 82 Ind. 426, and a number of other cases have been cited and considered. In some of these cases we find that the negligence alleged and complained of and considered consists of a violation of a statute and in others consists of a breach of common law duty. And in some of the cases above cited the negligence considered consists of both violation of statutes and a breach of common law duty. We find, however, that the cases of **Harriman v. Railway, Mouse v. Trust Company,** Lynch v. Nurdin and Binford v. Johnson are particularly enlightening on the subject of intervening acts, agents and remoteness.

The case of **Schell v. DuBois, 94 Oh St 93,** holds

"The violation of a statute passed for the protection of the public is negligence per se, and where such act of negligence by a defendant is the direct and proximate cause of an injury, not directly contributed to by the injured person, the defendant is liable."

We think our own Supreme Court disposed of the question whether plaintiff is within the class intended to be benefitted by the statutes by making the answer thereto depend upon the conclusion to be reached by the Court as to whether the petition avers the negligence of the defendant to be the proximate cause of the consequent injuries to plaintiff.

Before discussing the question of proximate cause the Court will consider defendant's claim that the alleged negligence of defendant is not connected in law with the consequent injuries to plaintiff and that therefore the petition avers a condition by which the alleged injury is made possible only.

In support of this claim we find that the Hartnett case and Poland v. Ehrhardt, the former an Illinois case and the latter an Iowa case, in each the petition alleges violation of a statute, but contained no averment as to the inexperience or imprudence of the minor, such as appears in paragraph 8 of the petition under consideration, for the lack of which alone the demurrer filed in both the Illinois and Iowa cases, was sustained and the petition held to aver a condition by which the alleged injury was made possible only. Since the petition in the instant case, paragraph 8, contains such averment, thus in this particular case, not being wanting, even though the allegation is essential in Ohio, the Court is not called upon in this case to decide whether by reason of Schell v. DuBois, such an averment is essential to a petition in an Ohio Court.

It is well to note in passing that in viewing and studying the foregoing cases herein referred to, that there is a wide distinction that might warrant the sustaining of a demurrer which consists of the breach of a common law duty and the breach of a statutory duty, such as we have in the instant case.

It is apparent from the cases decided by the Supreme Court of Ohio and Courts of last resort of other states hereinbefore mentioned, as well as from recognized decisions generally, that the law is well settled to the effect that mere circumstances that might have intervened between the wrongful cause and the injurious consequences, acts produced by the violation of human beings, particularly where they are the acts of children of tender years, inexperienced and imprudent, do not necessarily make the result so remote that an action cannot be maintained against the original wrong-doer.

The test seems to be found not in the number of intervening events or acts or agents, but in their character and in the natural and probable connection between the wrong done and the injurious conse-

quences. Nor is it necessarily imperative to the maintaining of such an action as the one at bar, when in view of the fact and in light of the information contained in the petition, wherein it is alleged that the sale of the air gun was made in violation of a statute on or about December 22, 1928, to an inexperienced, imprudent thirteen year old, George Abel. From this statement it can reasonably be deduced and anticipated that the natural and probable consequences of said sale would ensue and follow, and in the light of the well settled law a Court cannot say that the conclusions reasonably to be reached from the averments and allegations of the petition, and their fair and reasonable intendment pertaining to the proximate cause are certain and not clothed in doubt. Nor that they do not admit of different and varied reasonable opinions.

It is obvious that mixed questions of law and fact must enter into the consideration.

The petition in the instant case avers a variety of circumstances in relation to cause and effect, raising questions of fact which admit of doubt and controversy which are uncertain and indefinite and which are subject to reasonable doubt for drawing different and varied opinions and conclusions.

We believe it to be the conceded law of this State and other jurisdictions that the mere fact that the intervention of a responsible human being can be traced between the defendant's wrongful act and the injury complained of will not absolve him, but on the contrary, the general rule seems to be that whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, although such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer or was in reality only a condition by or through which the negligent act operated to produce the injurious results.

Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequences and if they are such as might with reasonable diligence have been foreseen, the last result, as well as the first, and each intermediate result is to be considered in law as the proximate result of the first wrongful cause.

The question also is, Was there any unbroken connection between the wrongful act and the injury? Did the facts constitute a succession of events or link together as to make a natural whole or was there some new and independent cause intervening between the wrong and the injury?

The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.

So that, if we are right in the foregoing conclusions it necessarily follows that upon such mixed questions of law and fact entering into consideration, then it is right and proper for these questions to be submitted to a jury under proper instructions from the Court.

It therefore follows that the demurrer in this case must be and the same hereby is overruled.

Exceptions may be noted.
Houck, J, and Sherick, J, concur.