Aud Walters, Plaintiff-Appellant, v. Roy W. Christy and Eunice V. Christy, Co-Partners, Trading as Roy W. Christy Construction Company, Defendants-Appellees.

Gen. No. 9,900.

Third District.

February 18, 1955.

Released for publication March 7, 1955.

Francis R. Wiley, and A. R. Ivens, both of Decatur, for appellant.

Monroe & McGaughey, of Decatur, for appellees.

MR. PRESIDING JUSTICE CARROLL delivered the opinion of the court.

This action was brought to recover damages sustained by plaintiff as the result of the loss of certain property occasioned by the alleged negligence of the defendant. The complaint as amended in substance alleges that on February 24, 1952, plaintiff owned and occupied a building at 149 E. Main street in Decatur, Illinois; that prior to said date the owner of the building to the west of plaintiff's property employed the defendant to alter and repair the same; that in making such alterations, which included installation of a new front, defendant erected a temporary wooden front for the building extending for the width of the building from the sidewalk to a point above the first floor; that there were no windows in the temporary front but it had certain doors or openings which were unfastened during working hours; that defendant boarded up the windows in the rear end of the building and the rear door thereof was left unfastened during working hours; that defendant knew evil disposed persons might enter the building during working hours and secrete themselves therein; that defendant knew when the door in the temporary front was closed at the end of the

working day no one could see in the building from the front; that defendant knew no one could see in the building from the alley to the rear thereof; that by reason of the negligence of the defendant and as a proximate result thereof on February 24, 1952, certain evil disposed persons, to the plaintiff unknown, gained entrance into the building under repair and broke through the wall thereof and into plaintiff's building; that they entered plaintiff's building and feloniously stole therefrom certain of plaintiff's property consisting of an iron safe and its contents.

The complaint further alleges that the defendant knew that in the downtown district of Decatur burglaries did occur and said district was frequented by individuals of a questionable character; that it was known to the defendant at the time of the remodeling and prior thereto that a large number of burglaries had taken place and that the police force of Decatur had been reduced thereby limiting police protection; that the defendant knew the premises where they were working were separated from plaintiff's premises by an old brick wall through which any evil disposed person could easily gain access to plaintiff's building; and that plaintiff was in the exercise of due care and caution for the safety of his property.

The specific acts or negligence charged are the failure of the defendant to provide windows; failure to provide a watchman; maintaining a solid temporary front on said building; and generally in failing to provide means whereby the interior of the building might be viewed from the outside thereof.

The defendant filed his motion to dismiss the amended complaint on the ground it alleges no duty owing by the defendant to the plaintiff and no breach of any duty owing by the defendant to the plaintiff, and on the further ground that the negligence alleged was not the proximate cause of the plaintiff's damage.

The court sustained the defendant's motion and plaintiff electing to stand by his complaint judgment

was entered for defendant in bar of the action. From this judgment plaintiff appeals.

The single question presented to this court is whether the complaint states a cause of action. In actions for negligence it is necessary to allege 3 things: (1) existence of a duty on the part of the defendant to protect plaintiff from the injury of which he complains; (2) failure of defendant to perform such duty; (3) that plaintiff was injured thereby. Absence of any one of these elements is fatal. Bahr v. National Safe Deposit Co., 234 Ill. 101; Miller v. S. S. Kresge Co., 306 Ill. 104; Lasko v. Meier, 394 Ill. 71. Negligence is a breach of duty and where there is no duty or breach there can be no negligence. Campion v. Chicago Landscape Co., 295 Ill. App. 225.

The above fundamental rule requires that the court first consider whether there are any facts alleged in the complaint showing that the defendant owed a duty to either do or refrain from doing something with the property adjoining plaintiff's building other than that alleged. The affirmative acts with which defendant is charged in the complaint are that in making alterations to the building adjoining that of the plaintiff, it boarded up the rear windows and constructed a temporary solid wooden front, as a result of which no one could see into the building from the front or rear, and that during working hours a door in the rear of the building was left open. It was not alleged that these acts were in themselves unlawful or that the same resulted in creating a nuisance or a physical situation inherently dangerous to the plaintiff's property. It is a matter of common knowledge that the methods pursued by the defendant as described in the complaint are generally followed in making alterations to the interior of a building. We know of no law which required the defendant to install windows or other means by which the interior of the building might be viewed from either the front or rear. Defendant was only required to

maintain the building upon which he was working in such manner as not to injure the plaintiff. Plaintiff cites no authority supporting any contrary theory. The failure of the defendant to provide a watchman is also alleged to constitute negligence. What has been heretofore said concerning the vital necessity of alleging facts showing a duty is obviously applicable to this charge. Under the facts appearing in the complaint no duty rested upon the defendant to provide plaintiff with police protection against loss by burglary.

In addition to being fatally defective because of its failure to show defendant's duty to protect plaintiff against the loss of which he complains, moreover, the complaint also fails to show that the alleged negligence of the defendant was the proximate cause of the plaintiff's loss.

The complaint charges "that by reason of the negligence of the defendants and as a proximate result, on to-wit, February 24, 1952, certain evil disposed persons, to the plaintiff unknown, gained entrance into the building, then under repair, and forcibly broke through the wall into plaintiff's building and through said hole entered his building and feloniously stole certain of plaintiff's property. . . ." Thus it appears that plaintiff's loss did not occur as a direct result of any wrongful act or omission of defendant, but by reason of the unlawful acts of the burglars who broke through the wall of plaintiff's building. Therefore it must be said that any negligence of the defendant would not have resulted in injury to plaintiff without the independent acts of the burglars.

Plaintiff contends that because of the condition of the defendant's building it was reasonably foreseeable that burglars would enter into it and then break through the wall of plaintiff's building. Such contention entirely overlooks the fact that the adjoining premises were not so maintained by the defendant as to constitute a condition dangerous or hazardous to

72

plaintiff's property. Anything alleged as having been done or omitted by the defendant was in no way connected with the criminal act of the third party who broke into plaintiff's store. It was this act of unlawful breaking and entering which proximately caused plaintiff's loss.

■ The well-established rule that where the party guilty of the first act or omission might not reasonably have foreseen or anticipated the intervening immediate cause as a natural and probable consequence of his first act, then his negligence is not the proximate cause of the injury. Crawford v. Central Illinois Public Service Co., 235 Ill. App. 339; Hartnett v. Boston Store of Chicago, 265 Ill. 331; Welsh v. John Griffiths & Son Co., 270 Ill. App. 624. This rule is also recognized in all of the cases cited by the plaintiff.

■ Upon what basis can we say it was reasonable for defendant to anticipate that as a result of his work on the building some person unknown to him would commit a criminal act against the plaintiff? Certainly such consequences would not follow in the ordinary course of events. The defendant could not be held liable for more than the natural and probable consequences of his acts. To maintain that the plaintiff's store would not have been burglarized if defendant had not been engaged in making the alterations in the adjoining building would amount to pure speculation. Milostan v. City of Chicago, 148 Ill. App. 540 is a case in which suit was brought for injuries sustained by plaintiff when he was pushed into an open pit in a sidewalk. Plaintiff contended the city was negligent in not maintaining suitable guards or fences around the pit. On appeal from judgment in favor of the plaintiff it was contended by defendant that its act was not the proximate cause of plaintiff's injuries. The Appellate Court sustained such contention saying:

"Plaintiff's counsel appear to argue that the presence of the area-way operated as an incentive or inducement

73

to Piotrowski, by his wilful violence, to shove plaintiff into this area-way. For, it is argued 'that without the negligence of the defendant in this regard the accident would not have occurred.' Were it true that the presence of the area-way did so operate upon Piotrowski's mind, the city would not, on that account, be responsible. No one is liable for more than the natural and probable consequences of his negligence and it was neither natural nor probable that the presence of the area-way should so operate. It would be idle to speculate upon what would or would not have happened if the area-way had been guarded or had not been there, with reference to plaintiff being injured; for whatever conclusion one would come to would be but a conjecture."

A like expression is found in Bradshaw v. Edgar County Nat. Bank of Paris, Illinois, 130 Ill. App. 37.

For the reasons herein indicated we are of the opinion the trial court did not err in sustaining defendant's motion to dismiss the complaint and its judgment is affirmed.

Affirmed.