Lawrence Bottorff, Plaintiff-Appellant, v. John W. Spence, Individually, and John W. Spence, d/b/a Geff Seed and Grain Company, and Baltimore and Ohio Railroad Company, a Corporation, Defendants-Appellees.

Gen. No. 62–F–7.

Fourth District.

May 14, 1962.

Johnson & Ducey, of Belleville (Cornelius T. Ducey, of counsel), and Smith, McCollum & Riggle, of Flora (Paul T. Riggle, of counsel), for appellant.

Wham & Wham, of Centralia, and C. Deneen Matthews, of Fairfield, for appellee.

CULBERTSON, J.

This is an appeal from an order of the Circuit Court of St. Clair County granting summary judgment to defendant, John W. Spence, individually, and d/b/a Geff Seed and Grain Company, based on an action for personal injuries brought by Lawrence Bottorff, as plaintiff.

In the amended complaint plaintiff alleged in substance that defendant Spence permitted boxcars to be placed and left standing on a spur track on his property with the result that while plaintiff was driving his automobile in an intersection at such point, plaintiff's automobile collided with a Baltimore and Ohio train, which caused his injuries. The contention of plaintiff is that his view was obstructed by the boxcars and that defendant should be held responsible and guilty of negligence for allowing the boxcars to be placed on his property at the place described; that the prior order of the Court allowing the motion to dismiss was a final appealable order and barred

any cause of action against the defendant in the amended complaint in that the pleadings and an affidavit filed in support of the motion for summary judgment showed that there was no genuine issue of fact; and that defendant was entitled to judgment as a matter of law under summary judgment procedure; and also, that the amended complaint was insufficient to state a cause of action as against the defendant.

It is the theory of defendant on appeal in this court that the complaint fails to show a legal duty by defendant to plaintiff to refrain from placing or permitting railroad cars on his spur track on his own property whether or not they obstructed the view; and that he had as much right to leave railroad cars in the place as he would have had to build a structure in the same location; and also that the allegation in the complaint that there was a joint control of the cars between the railroad and the defendant Spence was not true, as a matter of fact (which stands uncontradicted and admitted); and therefore that, on the record before us the motion for summary judgment should have been allowed.

 It is elementary that a complaint must contain facts sufficient to establish a duty on part of the defendant in a cause before we can conclude that a cause of action had been stated (Walters v. Christy, 5 Ill App2d 68, 71, 124 NE2d 658). On the facts before us it was apparent, as a matter of law, that defendant Spence was not subject to liability to plaintiff for an accident resulting from the simple fact that railroad cars were on his property and obstructed the view of the plaintiff who was driving along a state highway (Restatement of Torts, Vol 2, page 1004, Section 371b). The mere placing of cars on a side track so that they obstructed the view of trains approaching an intersection with a highway does not constitute

130

negligence even on part of the railroad (Chicago & A. R. Co. v. Pearson, 184 Ill 386, 390, 56 NE 633; Williams v. Pennsylvania R. Co., 235 Ill App 49). Similarly, conclusions of the pleader as distinguished from allegations of specific facts are disregarded in considering motions to dismiss and motions for summary judgment, and such motions admit only facts which are well-pleaded in determining whether a cause of action is stated (Richardson v. Eichhorn, 18 Ill App2d 273, 276, 151 NE2d 819; Walters v. Christy, supra).

On the record before us it is obvious that no cause of action was stated as against defendant Spence, and that the motion for summary judgment was properly entered by the Circuit Court of St. Clair County. Such order will, therefore, be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.